WILLIAM H. McGREGOR, Respondent, v. THE WES-
TERN UNION TELEGRAPH COMPANY, Appel-
lant.

**St. Louis Court of Appeals, October 23, 1900.**

1. **Telegram: MISTAKE IN TRANSMISSION: COMPANY LIABLE.**
Plaintiff received a letter from G. offering him work as a timber
estimator at $5 per day. He accepted the offer by wire in these
words: "I can come as P. G. Gates requested." Which read when
received by S., to whom it was sent: "I can't come as P. G. Gates
requested." The mistake in the telegram lost plaintiff the accept-
ance of the offer of employment; and although there was some tes-
timony tending to show that the letter and telegram were only pre-
liminary negotiations, the trial court found for plaintiff: Held, that
under all the evidence the court was justified in its construc-
tion, that the letter contained a definite, unconditional proposition
to hire, and that the telegram delivered to defendant's agent was an
unconditional acceptance of it.

2. ————: ————: **DAMAGES.** There being a complete contract of
hiring for a definite time, the benefit of which the plaintiff lost by
reason of defendant's negligence, plaintiff would be entitled to re-
cover as damages the difference between what he would have earned
under the contract and what he did actually earn at other employ-
ments.

Appeal from the Wright Circuit Court.—*Hon. W. N.
Evans,* Judge.

AFFIRMED.

*W. J Orr* for appellant.

(1) The proper measure of damages for the error
complained of in the transmission of the telegram is the
sum of $5, with legal interest thereon from July 5, 1898, to
the date of the judgment. Kenyon v. Tel. Co., 100 Cal.
454; Walser v. Tel. Co., 114 N. C. 440; Merrill v. Tel. Co.,

78 Me. 97; Mondon v. Tel. Co., 96 Ga. 499; W. U. Tel. Co. v. Connelly, 2 Tex. Civ. App. 99; Clay v. Tel. Co., 81 Ga. 287; Baldwin v. Tel. Co., 93 Ga. 692; Thompson on Electricity, sec. 326. (2) If this court should find that the letter and telegram constitute a definite offer and acceptance, so as to make a binding contract, we contend that under respondent's evidence, this contract was one at will, and not for any definite period of time, and that respondent's measure of damages would be $5 with legal interest, if he is entitled to recover at all. Kenyon v. Tel. Co., 100 Cal. 454; Merril v. Tel. Co., 78 Me. 97; Mondon v. Tel. Co., 96 Ga. 499; Thompson on Electricity, sec. 326; Finger v. Roch & Schilling Brewing Co., 13 Mo. App. 310; Boogher v. Life Ins. Co., 8 Mo. App. 533; Rose v. Carbonating Co., 60 Mo. App. 33; Harper v. Hazzard, 113 Mass. 187; Durgin v. Baker, 32 Me. 273; W. U. Tel. Co. v. Hall, 124 U. S. 444; Squire v. Tel. Co., 98 Mass. 237.

*F. M Mansfield* and *C. F. Evans* for respondent.

(1) The offer of employment of plaintiff was for a period of not less than six weeks at five ($5) dollars per day; that the letter from Gates to plaintiff offering him employment at five ($5) dollars per day for not less than six weeks and the sending the message accepting such employment was a valid contract between the parties. Lungstrass v. Ins. Co., 48 Mo. 201; Lancaster v. Elliott, 42 Mo. 503; Brunner v. Wheaton, 46 Mo. 366; Stotesburg et al. v. Massendals, 13 Mo. App. 221. (2) The proper measure of damage for the negligence complained of is five ($5) dollars per day for a period of six weeks from the date of sending the message accepting the offered employment. W. U. Tel. Co. v. Volentine, 18 Ill. App. 57. (3) The court did not err in refusing the declarations of law asked by appellant. They

were not applicable to the facts proven.    State v. Bailey, 57 Mo. 131; Grigsby v. Fullerton, 57 Mo. 309; Hewitt v. Steele, 118 Mo. 463.

BIGGS, J.—By reason of a mistake in the transmission of a telegram sent by plaintiff to one Edward Smith of Boise City, Idaho, the plaintiff claims that he lost the benefit of an employment tendered to him by one P. G. Gates, State Timber Appraiser for the state of Idaho, to his (plaintiff's) damage in the sum of five hundred and fifty dollars.    The answer is a general denial and a special plea in bar to the effect that the plaintiff failed to present to the defendant a written claim for damages within sixty days after the message was filed with the company, as required by the contract.    The cause was submitted to the court without a jury.    The issues were found for plaintiff and a judgment entered in his favor for $210.    The defendant has appealed.

The contentions of the defendant are, first, that the letter from P. G. Gates, in answer to which the telegram was sent, was not an absolute offer of employment, and hence plaintiff was not damnified by reason of the mistake in transmitting the answer; the second, even though the letter contained an absolute offer of employment, it provided for no certain or definite period, and therefore the damages should have been limited to the wages for one day, to wit, five dollars.    We will discuss the two propositions in the order in which they are stated.

It was proved at the trial that the letter from Gates to plaintiff had been lost or mislaid.    The court admitted parol proof of its contents.    The plaintiff stated its contents as follows:

"W. H. McGregor,

"Mountain Grove, Mo.

"Recently, in a talk with J. B. White, of Grandin,

Mo., with regard to a timber estimator, he recommended you as an estimator. I have undertaken to do some work in the state of Idaho, timber work, and will need an estimator. The compensation allowed by the state for this work is $5 a day and expenses. What I wish to know is if you can accept a six weeks or two months' work, as above stated. If you decide to accept the offer, you will wire Edward Smith, Chief Clerk, Land Department, Boise City, Idaho. It will be necessary to have an answer to this at once, as the state is in a hurry for the work. The above compensation includes pay for Sundays, although work is not required on that day."

Gates could not remember the language of the letter. In answer to a question as to its contents, he said: "I at first stated what the work would be when I wrote him (plaintiff) the letter stating that I should probably need his services and offered him $5 a day and expenses, including Sundays." In addition there was evidence tending to prove that Gates had authority from the proper state officials to employ two estimators to assist him in certain work as State Timber Appraiser, and that he was authorized to offer the wages mentioned in his letter to plaintiff. The telegram in question as delivered to defendant's agent at Mountain Grove, read: "I *can* come as P. G. Gates requested." As sent it read: "I *can't* come as P. G. Gates requested." The testimony of Gates affords some ground for the construction that the letter and telegram were only intended as preliminary negotiations, and not as definitely settling the terms of a contract. His statement is "I wrote him the letter stating that I should *probably* need his services," etc. But it must be remembered that Gates did not pretend to give or remember the language of the letter, and the plaintiff did. According to the latter's testimony Gates made a definite offer of employment. A circumstance in favor of this is the independent evidence that Gates was

instructed by the state officials to make a definite contract with plaintiff upon the terms mentioned in the letter as testified to by plaintiff. Hence when all the evidence bearing on the question is considered the circuit court was justified in its construction that the letter contained a definite and unconditional proposition, and that the telegram delivered by plaintiff to defendant's agent was an unconditional acceptance of it.

It is true that the letter from Gates to plaintiff did not fix a definite term of employment. This was impossible, as he could not state with exactness the time required to do the work assigned to him. But it was in evidence that certain work was to be done; that Gates was authorized to employ plaintiff to assist him, and the subsequent doing of the work showed that it took sixty-one days to complete the job, which furnishes a fair and just basis for plaintiff's damages. The cases relied on by defendant present different facts.

It may be observed that counsel for defendant concedes that if there was a complete contract of hiring and the plaintiff lost the position by reason of the negligence of the defendant, and the agent of defendant was informed of the importance and nature of the business referred to in the message, then plaintiff's damage would have been the same had Gates violated the contract with him. And counsel further concedes that if the contract was complete and was for a definite period, then the plaintiff is entitled to recover the difference between what he would have earned under the contract and what he did actually earn at other employments. We have attempted to show that there was a complete contract of hiring; that it was for a definite time, and that the plaintiff lost the benefit of it by reason of the negligence of the defendant. As there was evidence tending to prove that the agent of the defendant was advised of the nature of the business mentioned in the telegram and that the

plaintiff was unable to procure employment elsewhere, there is sufficient justification for the damages assessed by the court.

The contention that there is no competent evidence tending to show a presentation of the claim for damages within the time required by the contract between plaintiff and defendant, is not well founded. The plaintiff testified that he delivered to the defendant's agent at Mountain Grove a written statement of the amount claimed and the facts and circumstances attending the claim. He retained a duplicate, which he identified at the trial, and which was read in evidence. The paper showed a substantial compliance with the condition of the contract.

We will therefore affirm the judgment. All concur.