WARD *v.* TOWNSHIP OF ECHO.

1. TAXATION—ASSESSMENT—REAL ESTATE—STANDING TIMBER.
   Standing timber reserved in a conveyance of the fee of land may be assessed to the grantor separately from the fee and assessed as real estate.

2. SAME—RECOVERY OF TAX PAID—BURDEN OF PROOF.
   After lands had been conveyed, reserving the timber, the fee was assessed to the grantor, the township officers having notice of the sale. The grantor, after paying the tax under protest, brought suit to recover it, and the township sought to defend on the ground that the tax was properly assessable upon the grantor's reserved interest. *Held*, that the burden was upon the township to show that there was timber upon the lands properly assessable to the grantor.'

Error to Antrim; Mayne, J. Submitted May 2, 1906. (Docket No. 11.) Decided July 9, 1906.

Assumpsit by Willis C. Ward, Franklin B. Ward, and George K. Root, executors and trustees under the last will and testament of David Ward, deceased, against the township of Echo for taxes paid under protest. There was judgment for defendant, and plaintiffs bring error. Reversed, and judgment entered for plaintiffs.

*Clayton H. Bailey* (*Chamberlain, Guise & Turner*, of counsel), for appellants.

*Elisha N. Clink* (*Fitch R. Williams*, of counsel), for appellee.

MONTGOMERY, J. The plaintiffs are executors and trustees of the estate of the late David Ward. At the time of his decease Mr. Ward owned a railway extending through defendant township, and was the owner of the fee for 50 feet in width on each side of the center line of the railway. In the years 1898, 1899, and 1900 the

land was assessed against Mr. Ward by description, and the taxes paid. In January, 1901, steps were taken to incorporate the Detroit & Charlevoix Railroad Company to take over the railroad belonging to the estate, and a deed was made reserving and excepting all of the timber standing, lying, or being on the land conveyed, with right to cut and remove the same within three years. The land was assessed to the plaintiffs in 1901 as theretofore. There was no appearance before the board of review. A levy was made upon plaintiffs' property, and the plaintiffs, contending that the land was not subject to assessment and that the only tax required of the company was a tax on earnings, paid the tax under protest, and brought this action to recover it of the township.

It is clear that, under the deed to the railroad company, there was a reservation of an interest in these lands which, if not taxable to the Ward estate, would escape taxation altogether. It is also clear that, in such circumstances, the standing timber may be assessed separately from the fee and assessed as real estate. Cooley on Taxation (2d Ed.), p. 366 et seq.; *People* v. *Com'rs of Taxes*, 82 N. Y. 462; *County of Pine* v. *Tozer*, 56 Minn. 288.

Plaintiffs cite *Fletcher* v. *Township of Alcona*, 72 Mich. 18, as authority for the proposition that the timber on lands is not to be assessed separately, but should be included in the assessment of the fee in the land. What was involved in the case was an assessment of the timber as *personalty* in a township in which the owner was not subject to assessment upon personal property. The case is not authority for the proposition that, where an interest in land has been conveyed and constitutes the only assessable interest in the land, it shall wholly escape taxation, through the State being disabled from taxing the remaining interest in the land to the owner of such reserved interest. The case of *County of Pine* v. *Tozer*, supra, is authority that such an interest is taxable. See, also, *Johnson* v. *Roberts*, 102 Ill. 655; *Newaygo Portland Cement Co.* v. *Township of Sheridan*, 137 Mich. 475.

The interest of the plaintiffs being assessable, it follows that if any such interest was, in fact, assessed it was incumbent upon them to appear before the board of review and show wherein the taxable interest was excessively assessed. *Williams* v. *City of Saginaw*, 51 Mich. 120.

It is contended by plaintiffs that the evidence fails to show that there was timber on the lands assessed in the defendant township. This is conceded by the defendant, but it is claimed that the burden rests upon the plaintiffs to show that there was not. If the interest of the Ward estate had been assessed as an interest in the timber the presumption of regularity might obtain, but the evidence of the supervisor shows that the attempt was to assess the fee of the land on the assumption that no title had passed to the railroad company. While, if the fact appeared, it is possible that the assessment might be upheld on the ground that, by accident and not by intent, it covered a special title or interest of the estate, we think plaintiff has the right to insist upon proof that shows the fact to be so. Neither the failure of the company to record its deed, nor its delay in filing the map could affect the rights of its grantors after they had given notice to the supervisor that the title had passed to the railroad company.

The judgment is reversed, and a judgment will be entered for plaintiffs on the findings, with costs of both courts.

McALVAY, BLAIR, OSTRANDER, and HOOKER, JJ., concurred.