## BOTHWELL v. BINGHAM COUNTY, IDAHO.

ERROR TO THE SUPREME COURT OF THE STATE OF IDAHO.

No. 266. Argued May 6, 1915.—Decided June 1, 1915.

The determinative fact of whether property formerly part of the public domain of the United States is subject to taxation by the State is the absence of any beneficial interest in the land on the part of the United States at the time of the assessment.

Neither the Carey Act of August 18, 1894, nor the agreement thereunder with the State of Idaho in regard to irrigation of arid lands segregated from the public domain, purports to exempt the lands from taxation or take them out of the settled rule respecting taxation by the State of lands acquired under public land laws.

Where proceedings to acquire title to public land have reached the point where nothing remains to be done by the entryman, and the United States has no beneficial interest therein and does not exclude the entryman from the use thereof, the entryman is regarded as the beneficial owner and the land is subject to taxation, even though the legal title may not have been passed to him; and in this respect it is immaterial whether the title passes direct from the Government or through the State, under provisions of the Carey Act.

24 Idaho, 125, affirmed.

THE facts, which involve the construction of the Carey Act of August 18, 1894, and the right of the State to tax

property taken up thereunder by an entryman after he had become entitled to the patent, but before the patent was issued, are stated in the opinion.

*Mr. William A. Lee,* with whom *Mr. J. D. Skeen, Mr. William H. Wilkins* and *Mr. Edward B. Critchlow* were on the brief, for plaintiff in error:

Section 4, Article 7, of the constitution of the State of Idaho, provides: that the property of the United States, the State, counties, towns, cities and other municipal corporations, and public libraries, shall be exempt from taxation. This constitutional provision but affirms the law of the United States. *McCullough* v. *Maryland,* 4 Wheat. 316; *Van Brocklin* v. *Anderson,* 117 U. S. 151.

The principle is qualified, however, to the extent that where the United States holds only the naked legal title to the land and the full equitable title has passed by the performance of every act going to the foundation of the right, the land is subject to state taxation. *Kansas Pacific R. R.* v. *Prescott,* 16 Wall. 603; *Union Pacific R. R.* v. *McShane,* 22 Wall. 444; *Central Colorado Imp. Co.* v. *Pueblo County,* 95 U. S. 259; *Hussman* v. *Durham,* 165 U. S. 144.

It follows that if, as in this case, the United States conveys land to a State in trust for a specific purpose, something more than a mere naked title is retained until the trust is fully executed by the trustee. Every act going to the foundation of the right is not performed until the trustee divests itself of the trust property, and in this case it could be done only by the issuance of patent. *Tucker* v. *Ferguson,* 22 Wall. 572.

The issuance of the patent by the United States to the State of Idaho did not terminate the control over the land by the United States. By the terms of the grant its control was continued until actually disposed of by the issuance of the patents to the individual entrymen. While it continued to hold the title in trust, appeals to the

Interior Department might have been made by the entry-men, and during the course of such appeals, action by the State Land Board, acting for the trustee, would have been stayed. *McDaid* v. *Oklahoma*, 150 U. S. 209; *Sioux City & St. Paul R. R.* v. *United States*, 159 U. S. 350.

The rule, that the issuance of a final receipt in home-stead and desert land claims brings the land covered within the class of property subject to taxation by the State, has no application in this case, because by the grant a trust was created with the State as trustee, and by the term of the trust, no individual entryman is entitled, as a matter of right, to a patent until the trust is fully executed.

No proof of reclamation was ever submitted by plaintiff in error to the Secretary of the Interior, or by anyone authorized by him to receive and accept the same.

Whether the land came within the class of property subject to taxation during the year 1911, is determined as of the date of January 9, 1911, when the tax lien attached. *Union Pacific R. R.* v. *McShane*, 22 Wall. 444.

The United States, or the State of Idaho, as its trustee, by the contract, withheld the title until all the things required to constitute reclamation of the land had been done.

*Mr. R. W. Adair* and *Mr. J. H. Peterson*, Attorney General of the State of Idaho, with whom *Mr. E. G. Davis*, Assistant Attorney General of the State of Idaho, was on the brief, for defendant in error.

MR. JUSTICE VAN DEVANTER delivered the opinion of the court.

This was a suit to enjoin a proposed sale for taxes of 150 acres of land in Idaho acquired under the Carey Act of August 18, 1894, § 4, c. 301, 28 Stat. 422, and the amenda-

tory acts of June 11, 1896, c. 420, 29 Stat. 434, and March 3, 1901, § 3,. c. 853, 31 Stat. 1188, the objection urged against the sale being that the proceedings for the acquisition of the title had not at the time of the tax assessment reached the point where the land could be taxed by the State. At a hearing upon an agreed statement of facts the defendants prevailed and the Supreme Court of the State affirmed the judgment. 24 Idaho, 125.

The tract was part of upwards of 50,000 acres of arid lands which were segregated from the public domain in July, 1899, pursuant to an agreement, sanctioned by the Carey Act, whereby the State engaged to have the lands irrigated, reclaimed and brought under cultivation, and to dispose of them only to actual settlers in tracts of not exceeding 160 acres. Originally the act required that the reclamation be accomplished within ten years after the date of the act, but the amendment of 1901 directed that the ten years be computed from the approval of the State's application for the segregation and empowered the Secretary of the Interior, in his discretion, to prolong the period five years.

In the original act there was a provision that "as fast as any State may furnish satisfactory proof, according to such rules and regulations as may be prescribed by the Secretary of the Interior, that any of said lands are irrigated, reclaimed and occupied by actual settlers, patents shall be issued to the State or its assigns for said lands so reclaimed and settled," and the amendment of 1896 brought into the act a further provision that "when an ample supply of water is actually furnished in a substantial ditch or canal, or by artesian wells or reservoirs, to reclaim a particular tract or tracts of such lands, then patents shall issue for the same to such State without regard to settlement or cultivation."

Following the segregation in 1899 the State took appropriate steps to provide canals and a supply of water

whereby the lands could be irrigated, reclaimed and brought under cultivation, and before December, 1910, caused to be completed a suitable system of canals actually. furnishing an ample supply of water to irrigate and reclaim 49,858.16 acres, including the tract in question. Proof of this was made to the Secretary of the Interior in the mode prescribed by existing regulations (see 26 L. D. 74; 37 L. D. 624, 631) and that officer, finding the proof sufficient, directed that the 49,858.16 acres be patented to the State. This direction was given December 21, 1910, and the patent was issued January 9, 1911.

While the canal system was in process of completion and after water was provided for some of the lands, the plaintiff, who possessed the necessary qualifications and had acquired the requisite perpetual water right, applied to the State to make entry of the tract in question and made the prescribed preliminary payments. See Idaho Rev. Codes, 1908, § 1626. The entry was allowed and the plaintiff settled upon the tract, made it his place of residence, irrigated and reclaimed it, and brought it under actual cultivation. Thereafter, on June 25, 1909, he submitted to the State due proof of what he had done, paid the balance of the purchase price, and received from the State a certificate of final entry. See Rev. Codes, § 1628. Nothing more was required of him by the Carey Act, by the law of Idaho, or by any regulation made under either. He received a patent from the State February 11, 1911, about a month after it received one from the United States.

January 9, 1911, the day the State received a patent from the United States, was the date as of which property was required by the law of Idaho to be assessed for taxation for the ensuing year. Rev. Codes, § 1653. This tract was so assessed and the tax in question was based upon that assessment. The assessment, the tax and the intended sale were all free from objection, if the tract was

within the taxing power of the State on January 9, 1911.

At that time the United States no longer had any beneficial interest in the tract. Every condition upon which the ownership was to be transferred to the plaintiff had been fully performed. Thus the equitable title had passed to him and he had a present right to the legal title. The State received the latter as a trustee for him and was in duty bound to give him a patent—a duty which it promptly discharged, although not until after the time for the assessment.

Neither the Carey Act nor the agreement thereunder with the State purported to exempt the land from taxation or to take it out of the settled rule respecting the taxing of lands acquired under the public land laws. According to that rule, as this court frequently has said, when the proceedings for the acquisition of the title have reached the point where nothing more remains to be done by the entryman, and the Government no longer has any beneficial interest in the land and does not exclude the entryman from the use of it, he is regarded as the beneficial owner and the land as subject to taxation, even though the duty of passing the legal title to him has not been discharged—the principle underlying the rule being that one who has acquired the beneficial ownership of the land, and is not excluded from its enjoyment, cannot be permitted to use the fact that the naked legal title remains in the Government to avoid his just share of state taxation. *Carroll* v. *Safford*, 3 How. 441; *Witherspoon* v. *Duncan*, 4 Wall. 210; *Wisconsin Railroad Co.* v. *Price County*, 133 U. S. 496, 505; *Winona & St. Peter Land Co.* v. *Minnesota*, 159 U. S. 526, 530; *Hussman* v. *Durham*, 165 U. S. 144, 147; *Sargent* v. *Herrick*, 221 U. S. 404, 406.

That the title was being passed through the State to the entryman or purchaser rather than by a direct conveyance is immaterial, the determinative fact being the

absence of any beneficial interest in the land on the part of the United States at the time of the assessment. It follows that no Federal law or right was infringed by the tax.

*Judgment affirmed.*