## No. 10,465.

## BLAINE v. MORGAN.

Decided November 5, 1923.   Rehearing denied December 3, 1923.

Action on promissory note.   Judgment for defendant.

*Affirmed.*

1. BILLS AND NOTES—*Fraud—Due Course.* In an action upon a promissory note, the defense being fraud in obtaining the note, if fraud is proven, the transferee must show that he took the note in due course, and without notice of the fraud.

2. EVIDENCE—*Sufficiency.* In an action on a promissory note, evidence reviewed, and the contention that the charge of fraud in obtaining the note is supported by no evidence, overruled.

*Error to the District Court of Weld County, Hon. Neil F. Graham, Judge.*

Messrs. ROGERS, JOHNSON & FULLER, Mr. PERCY ROBINSON, for plaintiff in error.

Mr. CHARLES E. SOUTHARD, Mr. HARRY C. RIDDLE, Mr. HAMLET J. BARRY, for defendant in error.

*Department Two.*

MR. CHIEF JUSTICE TELLER delivered the opinion of the court.

PLAINTIFF in error was plaintiff in an action against defendant in error on a promissory note in which verdict and judgment were for defendant. The parties will here be designated as in the trial court. The defense was that the note, which was given for stock in a timber holding company, was obtained by fraud and false representations, and that the plaintiff took it with notice.

The instructions to the jury were very full, and stated accurately the law applicable to the facts. Complaint is made that there are no facts in evidence to which five of the instructions could be applied. We do not agree with counsel in that conclusion. Without these five instructions,

the jury would not have been able to pass intelligently upon the case as submitted to them.

The defense was called upon to establish the charge of fraud in the obtaining of the note, and, if that were proved, the plaintiff must show that he took the note in due course and without notice of such fraud. There is evidence upon both of these matters, and unless it appears to be insufficient to support the verdict, the judgment must be affirmed.

We have read the entire evidence with care, and find no support for counsel's contention that the charge of falsity of the representations is supported by no evidence. It is pleaded, and defendant testified, that he was induced to purchase the stock, and give the note, by statements by officers and agents of the company that it owned what was known as Quatsino Tract, on which there was stated to be millions of feet of timber, at tide water, where it could be readily marketed. The plaintiff admitted that the company never owned said tract or any part of it. That admission was sufficient to justify the jury in finding for the defendant upon that point.

It would serve no useful purpose to collate here all the evidence bearing upon the *bona fides* of the transfer of the note to plaintiff. The undisputed facts in evidence are such that an inference might reasonably be drawn therefrom that the plaintiff took the note with notice. From this evidence the jury might reasonably infer that plaintiff was, as an agent of the company stated to defendant, holding the note for the company. It is evident that in finding for the defendant, under the very clear instructions of the court on that point, the jury must have drawn that inference.

Objection is made that the court admitted some letters written after the giving of the note, but we find nothing in them which could prejudice the plaintiff's case.

Upon the question of misrepresentations, the defendant fully established his contention. The plaintiff failed to sustain the burden of proof that he was a holder in due course and without notice. The judgment is accordingly affirmed.

MR. JUSTICE DENISON and MR. JUSTICE WHITFORD concur.