## VER STRATEN v. BOARD OF COM'RS. OF GOSHEN COUNTY.*

(No. 1240; June 15, 1926; 246 Pac. 916.)

TAXATION—ACTION TO RECOVER TAXES PAID UNDER PROTEST—TAXATION OF WATER RIGHTS—WATER RIGHTS APPURTENANT TO CAREY ACT LANDS.

1. In action for recovery of taxes under Comp. St. Wyo. 1920, § 6302, by entrymen under Carey Act (U. S. Comp. St. § 4685), and Act Cong. June 11, 1896, § 1 (U. S. Comp. St. § 4686), and Act Cong. March 3, 1901, § 3 (U. S. Comp. St. § 4687), and Comp. St. Wyo. 1920, §§ 769-809, where it was agreed that equitable and legal title to lands was in United States and that entrymen had no taxable equitable interest or possessory right, allowing retention of taxes by county *held* erroneous; section 2759, as amended Laws Wyo. 1921, c. 27, having no application.

2. In suit to recover taxes paid under protest, where it was admitted that described property was not taxable, plaintiff *held* to have made prima facie case for recovery, and defense pleaded by county required proof.

3. In suit by entrymen under Carey Act (U. S. Comp. St. § 4685) to recover taxes paid under protest, where plaintiff had no legal or equitable interest in lands, but county defended on ground that it was taxing water rights, evidence failing to show either extent or value of water rights *held* insufficient to support finding that such rights were taxable property and of alleged value.

4. Water rights appurtenant to lands are usually taxed with lands and not listed or valued separately.

5. Water rights not appurtenant to lands may under some circumstances be property subject to taxation.

6. Water rights of entrymen under Carey Act project by virtue of contract with company under Comp. St. 1920, § 788, become appurtenant to land when title passes from United States to state, in view of section 794.

7. Where county undertook to tax interest of entryman of lands under Carey Act (U. S. Comp. St. § 4685), including water rights, but subsequently it was *held* that such entryman had no rights in land, county should be permitted to retain portion of taxes based on water rights provided they be shown taxable property.

8. Action under Comp. St. 1920, § 6302, to recover illegal taxes paid under protest, is governed by equitable principles, being in nature of action for money had and received, and lies when county has received taxes which in equity and good conscience it ought to return.

9. In action under Comp. St. 1920, § 6302, to recover taxes paid under protest, county can defend by everything that shows plaintiff, ex aequo et bono, is not entitled to whole of his demand, or any part of it.

*See Headnotes: (1) 37 Cyc. p. 1175 n. 39. (2, 3) 37 Cyc. p. 1189 n. 11: p. 1190 n. 15 New. (4-6) 37 Cyc. p. 778 n. 90 New; 40 Cyc. p. 832 n. 23 New. (7-9) 37 Cyc. p. 1175 n. 39; p. 1185 n. 86; p. 1190 n. 20 New.

APPEAL from District Court, Goshen County; CYRUS O. BROWN, Judge.

Action by A. F. Ver Straten against the Commissioners of Goshen County, to recover taxes paid under protest. There was judgment for defendant and plaintiff appeals.

*Roderick N. Matson, Thomas J. Warren* and *Clarence A. Swainson,* for appellant.

The lands, being public lands of the United States, are not taxable; McCulloch v. Maryland, 4 Wheat. 316, 4 L. ed. 579; Van Brocklin v. Tennessee, 117 U. S. 151, 29 L. ed. 845; where the United States holds the naked legal title, and the equitable title has passed by performance of acts on the part of an entryman, the land is subject to

state taxation; Kansas P. R. Co. v. Prescott, 6 Wall. 603, 21 L. ed. 373; Union P. R. Co. v. McShane, 22 Wall. 444, 22 L. ed. 747; Cent. Colo. Imp. Co. v. County, 95 U. S. 259; but a perfect equitable title must be vested; if the Government retains the legal title as security, to secure the payment of purchase money or performance of other conditions of the grant, the land is not taxable; U. S. v. Milwaukee, 100 Fed. 828; Northern P. R. Co. v. County, 115 U. S. 600; 29 L. ed. 477; State v. Lumber Co., 100 Minn. 355; where the purchaser has not fully performed conditions prescribed, the land is not taxable; Pitts v. Clay, 27 Fed. 635; Clearwater Timber Co. v. Shoshone County, 155 Fed. 612; Durham v. Hussman, 88 Ia. 29, 55 N. W. 11; Douglass County v. U. P. R. Co., 5 Kan. 615; Jackson v. La Moure County, (N. D.) 46 N. W. 449; Dickerson v. Yetzer, (Ia.) 6 N. W. 41; Hussman v. Durham, 165 U. S. 144; Donovan v. Kloke, 6 Neb. 124; Page v. County, (Wash.) 64 Pac. 801; Bothwell v. Bingham County, (Idaho) 237 U. S. 642, 59 L. ed. 1157. The entryman had no water right in the absence of a state patent and there were no water rights to tax; under Carey Act projects, the water right is state property until final patent issues and is exempt from taxation.

No brief was filed for respondent.

Kimball, Justice.

This is an action under Section 6302, Wyo. C. S. 1920, to recover from the Board of the County Commissioners of Goshen County taxes alleged to be illegal and to have been paid under protest. The judgment of the District Court was for the defendant, and the plaintiff appeals.

The persons taxed are the plaintiff and several others who have assigned to him their rights of action. They are all entrymen of lands segregated and opened to entry under the Carey Act and the laws of the state enacted to carry that act into effect. 28 Stat. at L. 422; U. S. Comp. Stat. § 4685; 29 Id. 434, U. S. Comp. St. § 4686, 31 Id. 1188; U. S. Comp. St. § 4687; Wyo. C. S. 1920, Secs.

769-809. The property on which the taxes were levied was listed on the tax records as "equity in" the lands so entered. .

The plaintiff in his petition alleged that the taxes were levied and collected on the lands, and that, because the legal and equitable title to the lands was in the United States, the taxes were illegal.

The defendant in its answer denied that the lands were taxed, and alleged that the taxes were levied on the "equity in the water and water rights for the land," and that the valuations placed on said "property rights of the various parties in the water and water rights and the assessments so made were fair and reasonable."

The county introduced no evidence at the trial, and has filed no brief here. We have been somewhat at a loss to discover the theory on which the judgment of the district court was based. It was agreed at the trial that the legal and equitable title to the lands was in the United States. There was no contention by the county that the taxed entrymen had any taxable equitable interest or estate, or possessory right, in the lands. It seems, therefore, to have been admitted that the property described on the tax records was neither taxed nor taxable. The agreed facts leave no room for the application of Section 2759, C. S. 1920 (amended L. 1921, c. 27) even if it be conceded that that section is valid and applicable to lands under Carey Act projects. The following authorities are instructive on the question of the right to tax an interest in public lands before patent. Bothwell v. Bingham County, 237 U. S. 642; 35 S. Ct. 702; 59 L. Ed. 1157; Irwin v. Wright, 258 U. S. 219; 42 S. Ct. 293, 66 L. Ed. 573; Leney v. Twin Falls County, 40 (Ida.) 600, 236 Pac. 531; Olds v. Cattle Co., 22 Wyo. 336; 140 P. 1004, Ann. Cas. 1917 c. 120.

When it was admitted that the described property was not taxable, we think the plaintiff made a *prima facie* case for recovery of the money paid. Then, assuming that the answer stated facts constituting a defense, it became the duty of the county to prove the facts. Ward v. Echo Twp., 145 Mich. 56; 108 N. W. 364; Day v. Pelican, 94 Wis. 503, 69 N. W. 368. This the county failed to do. There was no evidence to show the nature, extent or value of the water rights mentioned in the answer, and we cannot hold that the evidence is sufficient to support a finding that such rights were taxable property and of the alleged value.

It follows that the judgment must be reversed. As the case must be tried again, we submit the following observations for guidance in a new trial and, possibly, in framing amended pleadings. In doing this, we indulge in some speculation as to reasons for the seemingly peculiar method pursued by the taxing authorities.

Water rights appurtenant to lands are usually taxed with the lands, and not listed or valued separately. Water rights not appurtenant to taxed lands may no doubt in some circumstances be "property" subject to taxation. See: Wyoming Central Irr. Co. v. Farlow, 19 Wyo. 68; 114 P. 635, 116 P. 1021; Northside Canal Co. v. State Board (D. C.) 8 F. (2nd) 739; Verwolf v. Low Line Irr. Co., 70 (Mont.) 570, 227 Pac. 68; Utah Metal & Tunnel Co. v. Groesbeck, 62 (Utah) 251, 219 Pac. 248. An entryman of lands under a Carey Act project must have a contract for a water right with the company that has undertaken to furnish the water for reclamation of the lands. Wyo. C. S. 1920, Sec. 788. This water right becomes appurtenant to the land when title passes from the United States to the State. C. S. Sec. 794. While the legal and equitable title to the lands is still in the United States, and the lands, therefore, not taxable, the water rights may, perhaps, be treated as separate from the land and as "property" of value subject to taxation. The point last sug-

gested we do not now decide. It must be left for future decision in this or some other case when we have before us the facts to show the nature of the right sought to be taxed.

When the assessment was made in the case at bar, before the decision of Irwin v. Wright, 258 U. S. 219, 42 S. Ct. 293, 66 L. Ed. 573, it was probably thought that the entrymen had in the lands some "equity" or interest that was subject to taxation by the state under the provisions of Section 2759, Wyo. C. S. 1920, or, perhaps, without that statute. If the entrymen had had such taxable "equity" or interest in the lands, it no doubt would have been proper, in fixing its value, to take into consideration the water right, and thus the "equity" or interest taxed would have included the water right without special mention. This explains the failure to describe the water right in listing the property.

After the decision of Irwin v. Wright, supra, the county probably assumed that the tax of the entrymen's interests in the lands could not be upheld, and when called upon to defend this action, took the position set forth in its answer.

The county's true position seems to be this: It undertook to tax interests in lands including water rights. It now concedes that it could not tax the interests in the lands, but asserts that the water rights are property of value which for the purpose of taxation may be treated as separate from the lands, and should have been so treated and taxed for the year in question. It therefore asks that it be permitted to retain so much of the tax as should have been paid on the water rights.

In the described circumstances—assuming that the water rights are taxable property—it would seem to be no more than just to permit the county to make this defense. This action is governed by equitable principles. It is in the nature of an action for money had and received, and lies when the county has received taxes which in equity

and good conscience it ought to return. Board v. Searight Cattle Co., 3 Wyo. 777, 788; Carton v. Commissioners, 10 Wyo. 416, 435; 69 Pac. 1013; Stephenson County v. Manny, 56 Ill. 160; Bailey v. Railroad Co., 22 Wall. 604, 638; 22 L. Ed. 840; Howard County v. Armstrong, 91 Ind. 528. The county can defend by everything that shows that the plaintiff, *ex aequo et bono,* is not entitled to the whole of his demand, or any part of it. Moses v. Macferlan, 2 Burr. 1005, 1010, 1012. The principles that control the action are not the same as when the county is proceeding to collect taxes by a sale of property, or when an attempt is being made to justify a seizure and sale for that purpose. Carton v. Commissioners, 10 Wyo. 435, 69 Pac. 1013.

The judgment of the district court will be reversed and the case remanded for a new trial.

*Reversed and Remanded.*

POTTER, Ch. J., and BLUME, J., concur.