E. E. FAULKNER, RESPONDENT, v. WESTERN UNION TELEGRAPH COMPANY, APPELLANT.*

Kansas City Court of Appeals. February 11, 1929.

*Corpus Juris-Cyc References: Appeal and Error, 4CJ, section 3015, p. 1033, n. 37; Evidence, 22CJ, section 502, p. 420, n. 86; Telegraphs and Telephones, 37Cyc, p. 1737, n. 4, 5; p. 1753, n. 25; Trial, 38Cyc, p. 1846, n. 49.

230

*Gardner Smith* for respondent.

*Francis R. Stark, Winger, Reeder, Barker, Gumbiner & Hazard,* and *Frederick E. Whitten* for appellant.

BARNETT, C.—This was a suit for damages for failure to deliver a telegram. The petition alleges that the defendant is a common carrier for hire, in receiving and transmitting messages and telegrams; that on or about the 12th day of February, 1925, plaintiff delivered to defendant at its office in Kansas City, Missouri, a telegram to be transmitted and delivered to the Abbot Alkaloidal Company in substance as follows:

"Kansas City, Mo. February 12, 1925 2-13-25

"The Abbott Alkaloidal Co.

"Attention Mr. Kirby Ravenswood, Chicago, Ill.

"A friend told me you were wanting a high grade detail man for this field. I am a Chicago man and know your line well you will know me when you see me just quit Sterns and Company have a fine letter from them is this field open will call on you Saturday or Monday when I am in Chicago am well known to physicians out here a graduate of medicine and pharmacy and know the detail work can build up this field for you please wire me at once my expense more in detail when I see you.

"E. E. FAULKNER."

It is alleged that plaintiff paid the usual customary charge for the telegram and that the telegram was transmitted and delivered on the 13th day of February, 1925, and on that day Frank B. Kirby, the sales manager of the Abbott Alkaloidal Company, delivered to the defendant at its office in Chicago, Illinois, a telegram to be transmitted and delivered to the plaintiff at Kansas City, Missouri, which was as follows:

"E. E. Faulkner, Kansas City, Mo.

"Shall be glad to interview you preferably Monday.

FRANK B. KIRBY."

It is further alleged that Kirby paid the usual and customary charges for such message, but that defendant in disregard of its public duty as an interstate common carrier of telegrams carelessly and negligently failed and neglected to deliver the telegram to the plaintiff or to inform him of its receipt in Kansas City, Missouri. It is further alleged that on the 13th day of February and for several days thereafter plaintiff called the Kansas City office of the defendant and was advised by its agent that no telegram had been received for the plaintiff, but that such telegram had in fact been received by the Kansas City office on the 13th day of February; that if plaintiff had received the telegram he would have gone to

Chicago, and that the Abbott Alkaloidal Company thereafter employed plaintiff at a salary commencing April 1, 1925, and that the company was ready and willing on February 16, 1925, to employ the plaintiff for a period extending from February 16, 1925, to and after April 1, 1925, and that if plaintiff had received the telegram he would have been employed for such period; that defendant knew or had reason to believe from the information contained in each of the telegrams that they related to important business transactions and that plaintiff would probably be damaged by the failure to deliver the telegram; that within sixty days he presented his claim for damages, in writing, to the defendant and defendant refused to pay the claim; that by reason of the negligence of the defendant his employment did not begin until the first day of April, 1925, and. that by reason of such facts he had been damaged in the sum of $283.35. The answer was a general denial. The evidence showed that the telegram was sent by the plaintiff and received by the Alkaloidal Company as alleged; that on the 13th day of February, 1925, Frank B. Kirby, sales manager of the Alkaloidal Company, sent the telegram to plaintiff as alleged. Plaintiff testified that he made several calls by telephone and in person at the Kansas City office of defendant on the 13th day of February and on later dates, asking if any message had been received, but each time was told that there was no message for him. The respondent then did nothing more in the way of communicating with the Alkaloidal Company until the 26th day of February, 1925, at which time he wrote a letter to Mr. Kirby, stating it was his intention to have been in Chicago before that time to call upon him in reference to a position with his company, and again making application for a position. On March 3rd, Mr. Kirby wrote to Mr. Faulkner acknowledging receipt of respondent's letter and calling attention to the fact that Mr. Faulkner, the plaintiff, had not explained why Kirby's telegram had not been answered. In Kirby's letter it was stated that the Alkaloidal Company had plans under way for Kansas City, but nothing definitely developed, but that if plaintiff would kindly fill out the enclosed application they could better consider the plaintiff's application, should it seem desirable. In March, 1925 Kirby met the plaintiff in Kansas City, at which time a contract of employment was executed under which the plaintiff became an employee of the Alkaloidal Company from April 1, 1925, for a period of several months. The plaintiff testified that up until the 25th day of March nothing was said by either Kirby or himself concerning the salary he was to have or the territory in which he was to work, but under the final contract of employment plaintiff was employed at a salary of $200 a month and traveling expenses and continued in this employment for seven months. The plaintiff also testified that during the period from

February 16, 1925, until April 1, 1925, he was not employed by any one and had no income during that time; that he tried to get employment, but was unable to do so. The plaintiff introduced in evidence a letter from the defendant to the plaintiff, dated March 17, 1925, in which defendant stated that upon receipt of the telegram from Kirby to the plaintiff, defendant tried to telephone the message to plaintiff at his telephone number given on his night letter, but was informed that he was unknown; that the message was held in the "will call" file, awaiting his inquiry and that the nondelivery was reported to Chicago the next morning.

Mr. Kirby's deposition was offered in evidence. He testified that had the plaintiff arrived in Chicago at the time suggested in the telegram plaintiff would have been employed by the Alkaloidal Company; but this testimony when offered at the trial was stricken out of the deposition at the request of defendant. The plaintiff offered to testify that had he received the telegram promptly he would have gone to Chicago to interview Mr. Kirby. Defendant's objection to this part of the testimony was sustained. The jury returned a verdict for $178.80. Judgment was rendered accordingly and defendant appealed.

It is contended by appellant that there can be no liability for more than nominal damages for the reason that the telegram which defendant failed to deliver did not indicate that it referred to a business transaction, nor the nature of the business; and that therefore the damages in question were not within the contemplation of the parties. The rule is that the telegraph company should be able to see and understand that the nature of the telegram is such that damages are likely to follow a failure to deliver the message. Such notice may be extrinsic as well as from the terms of the message. [37 Cyc., 1750; Fitch v. Telegraph Co., 150 Mo. App. 149; Kerns & Lorton v. Telegraph Co., 174 Mo. App. 435, 1. c. 440; Lee v. Western Union, 51 Mo. App. 375; Jones on Telegraph & Telephone Companies, section 534; 26 R. C. L. 605.] [See, also, Postal Telegraph Cable Co. v. Nichols, 159 Fed. 643.]

We hold that the message which the defendant failed to deliver was insufficient, standing by itself, to indicate the nature of the business, or that it referred to any business transaction whatsoever. We also hold that the previous telegram which was sent by the plaintiff to the Alkaloidal Company was sufficient to indicate that the telegrams referred to a business transaction and plainly indicated the nature of that business. But the appellant contends that under the authority of Western Union v. Hall, 287 Fed. 297, the telegraph company may not be charged with notice which is only contained in the previous telegram. In that case the United States circuit court of appeals for the fourth circuit held that where the evidence showed

that defendant had more than one office in Baltimore as well as in Kansas City, and that messages of the kind were frequent; that if each agent who received some intimation of the urgency of the situation were to attempt to give notice to every officer or employee of the company who might be concerned in a possible telegraphic response to such request, the very number of such attempted notifications would defeat the purpose thereof. It is not necessary for us to search the authorities to determine whether or not the rule laid down by the United States circuit court of appeals for the fourth circuit is sound or unsound. It cannot apply to the facts in this case. Here the evidence shows that the ambiguous message was sent from the Chicago office and was actually received at the local office in Kansas City. Furthermore, the admission of defendant recites that upon receipt, defendant tried to telephone the message to plaintiff at Linwood 4753, the telephone number given on his night letter. From this it plainly appears that the local agent who received the ambiguous message had on file plaintiff's prior message as a record of his telephone number.

We think it would have been sufficient had the evidence simply shown that the same local office that received plaintiff's explanatory message also failed to deliver the message in response thereto. While it may not be reasonable to require the Kansas City agent to forward oral communications to Chicago, yet we think it is not too much to require the local agent who has a message in his possession for delivery to take notice of the information on file in that same office. Otherwise, there could never be a recovery for the failure of a messenger boy to deliver a sealed message.

It is next contended that the plaintiff cannot recover because the telegram was neither a definite offer, capable of acceptance, nor acceptance of a definite offer. Appellant concedes that it is not necessary that the receipt of the telegram be the completion of a contract, but contends that if the receipt of the telegram did not complete the contract, then it must at least be shown that the plaintiff was the proposed recipient of a definite offer which he would have unconditionally accepted had the telegram been delivered. The only reason why the question is important is because it effects the measure of damages. We can readily see that anything short of the acceptance of an offer or an offer capable of acceptance, would not, standing by itself, present any measure of damages susceptible of proof. Thus, proof that plaintiff had made a mere offer would not by itself sustain a judgment for more than nominal damages, because it could not be known whether the addressee would have accepted the offer. On the other hand, if the plaintiff received an offer, but is prevented from accepting by the negligent failure of the telegraph company to deliver the message, then plaintiff may testify

that he would have accepted the offer and prove what he has lost through failure to procure the contract. However, it may be that the facts and circumstances in evidence are sufficient to show that the offer which plaintiff made would have been accepted. If so, there should be no difference between the two cases. In each case it is necessary to prove what would have been done had the message been delivered. In Kerns & Lorton v. Telegraph Company, 174 Mo. App. 435, plaintiff sent a telegram directing another to purchase for him six hundred bushels of potatoes at fifty cents per bushel. The telegram was negligently delayed for two days when the price of potatoes had gone up. The plaintiff was permitted to prove that the potatoes could and would have been bought at fifty cents per bushel if the message had been delivered, and a verdict for plaintiff was sustained. In McGregor v. Western Union, 85 Mo. App. 308, plaintiff received a letter offering his work as a timber estimater at $5 per day. He accepted the offer by wire, but the message was garbled and plaintiff lost the employment. In this case the offer of employment was for no definite time, but the measure of damages was shown by evidence that the particular job actually lasted for sixty-one days. A judgment for substantial damages was sustained. In Thorp v. Telegraph Company, 118 Mo. App. 398, the plaintiff wired to a fruit company asking for the price on five cars of cold storage apples. The company replied by wire, giving the price of apples at $2.15. The message was incorrectly written by the telegraph company as $2.50, and plaintiff bought apples elsewhere. Plaintiff was permitted to recover substantial damages upon proof that he would have bought apples at $2.15 per barrel from the fruit company had the message been correctly sent, and upon further proof that the fruit company would have sold him five carloads of apples at that price. In Postal Telegraph Cable Company v. Nichols, 159 Fed. 643, the evidence showed that the government had advertised for bids in construction work. The plaintiff mailed in his bid, but later found that he had made a mistake in computation. Thereupon, he wired to the Federal officer in charge of the bidding as follows: ''Proposal for Haines mailed last Monday. Add five per cent to our entire proposal.'' There was a delay in delivering the message and plaintiff's original bid was accepted. He then sued the telegraph company for damages. The plaintiff was permitted to prove that he had given oral notice to the telegraph agent of the nature and importance of the message, and was also permitted to prove by the Federal officer in charge that five per cent would have been added to plaintiff's proposal had the telegram been received. The United States circuit court of appeals for the ninth circuit held that the damages were not speculative or remote. In Western Union v. Morris, 83 Fed. 992, the plaintiff sued a telegraph company for

damages due to failure to deliver a telegram. The telegram summoned a physician. The physician testified that had he received the telegram promptly he would have reached the patient earlier and a surgical operation would, in his opinion, have been prevented. It is clear in this case that the physician was under no duty to accept the offer, but he subsequently did accept the offer of employment and testified that he would have done so earlier. The United States circuit court of appeals for the eighth circuit held that plaintiff might recover. In Swan v. Western Union, 129 Fed. 318, a mining expert sent a telegram advising the purchase of mining stock, which message was not delivered. It was held by the United States circuit court of appeals for the seventh circuit that the addressee was entitled to recover the difference between what he paid for the stock which he purchased later and what the stock would have cost him had he received the telegram. [See, also, Czizek v. Western Union, C. C. A. 9, 272 Fed. 223.]

Appellant has cited many authorities in support of its contention. Most of the cases cited are cases wherein the evidence was so indefinite that no measure of damages was disclosed, but they were not based upon the bald proposition that there must be the receipt of a definite offer capable of acceptance, or the acceptance of a definite offer. However, appellant has cited cases which do sustain his contention. As the authorities in the United States are not uniform, we prefer to follow the rule laid down by the courts of this State.

Closely allied to the last-mentioned contention is appellant's separate assignment that the damages are so remote as to be incapable of ascertainment. In this State it is held that where loss of profits have been held not recoverable it was because they were in their nature not susceptible of definite proof, and not because of any objection to loss of profits *per se*. [Kerns & Lorton, 170 Mo. App., 642; Minnesota Threshing Machine Co. v. Burford, 227 S. W. 628.]

We think that the plaintiff should have been permitted to introduce the evidence of the sales manager of the Alkaloidal Company that he would have hired plaintiff had plaintiff gone to Chicago in response to the invitation, and that plaintiff would have gone had he received the telegram. Plaintiff offered evidence to this effect; but the objection of the defendant thereto was sustained. However, the evidence does show that there was a vacancy in the personnel of the Alkaloidal Company; that the company was needing an employee. The jury had a right to infer from the fact that plaintiff was subsequently employed and that he held his position for several months, that he would have been employed before had he received the telegram.

It is contended by appellant that the court erred in giving plaintiff's instruction No. 1 as modified by the court. That instruction

is attacked upon the theory that it required the jury to find that the undelivered message upon its face showed that it related to a business transaction. The instruction was incorrect, because the message plainly fails to show that it related to a business transaction. However, the undisputed evidence shows that the former telegram disclosed the nature of the transaction, and what we have already said disposes of this assignment. An official extra-judicial admission by defendant will be treated as eliminating the issue of fact which it covers, if defendant, at the trial, offers no evidence that the admission is untrue. The jury was required to find an undisputed issue upon the wrong evidence. This was harmless.

Appellant claims that since the verdict was for $178.70 it shows upon its face that it is a quotient verdict. Appellant does not assign as error the fact that there was no evidence of what it would have cost plaintiff to make the trip to Chicago had he received the message. The jury might have considered that this should be taken into consideration. Furthermore, they might have considered that plaintiff did not move as rapidly as he might have done after he received the letter from the sales manager of the Alkaloidal Company. At any rate, the mere fact that the verdict is not as large as it should be does not, as a matter of law, prove that the jury bound themselves beforehand to an agreement to take each juror's estimate of the damages, add all together, and then divide by twelve.

The judgment is affirmed. *Lee, C.,* concurs.

PER CURIAM:—The foregoing opinion by BARNETT, C., is hereby adopted as the opinion of the court. All concur, except *Trimble, P. J.,* absent.