Mr. Justice Frantz
delivered the opinion of the Court.
This is a review of a workmen’s compensation claim brought by the widow of Dr. Robert W. Watson, a medical doctor. In it she also asserted the dependency of their five minor children. Involved is the sole question of the force and effect of a letter from the doctor’s employer addressed to the State Compensation Insurance Fund. This letter was a part of the record and file of this claim before the Industrial Commission.
In the letter the employer, also a doctor, advised the State Compensation Insurance Fund that Dr. Watson had “suffered a fatal coronary occlusion.” He also informed his addressee that Dr. Watson had been stricken while acting in his professional capacity, and that the “stress of the emergency call and the excessive exercise involved in examining the patient and lifting [her] were the basis of the occlusion.”
It appears from the record that a Mrs. Pyle had fallen and fractured her hip. Having diagnosed her condition, Dr. Watson tried to lift her slowly and in such manner as would cause her a minimum of pain. He desisted when *564 it became obvious that she suffered great-pain as st result of his effort. Then, with the aid of Mrs. Pyle’s daughter, he tried again to lift the patient, and again, because of resulting pain, he had'- to discontinue 'any- further attempts. Mrs. Pyle’s weight may have been a factor, since she weighed 170 to 175 pounds.
Dr. Watson went by car- to a nearby store and called for an ambulance, returned to his patient and,' while waiting for the ambulance (about fifteen minutes from the time he had vainly tried to lift Mrs. Pyle), he suddenly slumped from a chair onto the floor. Mrs. Pyle’s daughter loosened his clothing and attempted to revive him without success.
The ambulance arrived shortly after Dr. Watson was thus striken, and the attendants tried to revive him by means of artificial respiration. The daughter of Mrs. Pyle, in the meantime, had Dr. Merritt (Dr. Watson’s employer) called, asking that he come at once and render medical aid to his stricken employee. Dr. Merritt left immediately, travelling approximately sixteen miles to attend Dr. Watson. Upon arrival, he examined Dr. Watson and determined that he was dead.
Although Dr. Merritt testified at the hearing, neither party in interrogation of him ever touched upon the relation of the coronary occlusion to the activities of Dr. Watson as he was ministering to Mrs. Pyle. Considerable other detail surrounding these events was brought out by the contending attorneys through this witness. No additional expert testimony was submitted-for consideration at the hearing. Thus, the letter, being the only evidence -regarding cause and effect of the occlusion, looms large in the case. ■
Dr. Merritt appears in a dual role as a witness in the trial of this claim: as employer, he made admissions and declarations against interest adverse to his defense, Industrial Commission v. Johnson Pontiac, 140 Colo. 160, 344 P. (2d) 186; Johnson v. Industrial Commission, 137 *565 Colo. 591, 328 P. (2d) 384; ás physician, his written.admissions and declarations against interest in connecting the occlusion with the'” undue exertions of Dr; Watson were those of a professional’man'knowledgeably made;-
The rules of evidence are generally the same in workmen’s compensation cases as they are in civil suits. Olson-Hall v. Industrial Commission, 71 Colo. 228, 205 Pac. 527. In civil suits admissions and statements against interest are prima facie evidence against the party making them. Joralmon v. McPhee, 31 Colo. 26, 71 Pac. 419. Admissions against interest justify the finder of the facts in considering as established the facts admitted. Blaine v. Morgan, 74 Colo. 221, 220 Pac. 497; Harrison v. Peabody, 34 Cal. 178. In the absence of opposing evidence their prima facie character remains undisturbed and intact. Faulkner v. Western Union Tel. Co., 223 Mo. App. 228, 13 S.W. (2d) 1088; Seneca Wire & Mfg. Co. v. A. B. Leach & Co., Inc., 247 N.Y 1, 159 N.E. 700; Ver Straten v. Board of Comm’rs., 35 Wyo. 67, 246 Pac. 916; 31 C.J.S. 1184 § 382.
Applying the cited law to Dr. Merritt’s letter, we hold that prima facie proof appears in the record medically connecting Dr. Watson’s activities in ministering to Mrs. Pyle with the coronary occlusion he sustained, and that in the absence of countervailing evidence the prima facie character of this proof remains integral and operative.
The record is devoid of evidence that the physical exertions of Dr. Watson in attempting to lift Mrs. Pyle were such as were normally performed by him in his practice; hence, the finding of the Referee to this effect, subsequently adopted by the Commission, is wholly unfounded. Indeed, the only evidence touching upon the point occurs in the above quotation from Dr. Merritt’s letter, which we construe as indicating that the efforts of Dr. Watson in attempting to lift Mrs. Pyle were no part of his usual and customary activities.
*566 The judgment is reversed with directions to remand the case to the Industrial Commission for such further proceedings and the taking of such additional evidence as may be necessary to determine whether the deceased’s fatal heart attack was the result of extraordinary or unusual strain.
Mr. Justice McWilliams did not participate.