NEWAYGO PORTLAND CEMENT CO. *v.* TOWNSHIP OF
SHERIDAN.

1. TAXATION—WATER RIGHTS—ASSESSMENT.

Where the owners of lots fronting on a lake conveyed to plain-
tiff the portion of the lots that was covered by water, the
deeds reciting that it was the intention of the grantors to
convey all their rights to the water and the soil under water
in the lake belonging and appurtenant to the described prem-
ises, and thereafter the lots were assessed to the grantors un-
der a description excepting the riparian rights, plaintiff was
properly assessed on the remainder as that part of the same
lots lying in F. Lake, including all the riparian rights belong-
ing and appurtenant thereto.

2. SAME—ASSESSMENT—ABBREVIATIONS.

Where, after the conveyance of that part of certain lots front-
ing on a lake that was under water, the remainder of the lots
were assessed by number, with the addition "excp't rip'in
r'g't," such abbreviations sufficiently excepted the riparian
rights of the owners of the remainder of the lots.

3. SAME—STATUTES—CURING ERRORS.

Where certain lots fronted on a lake, and that part of the soil
under water was conveyed to plaintiff, and the remainder of
the lots assessed to the owners under a description consisting
of the lot number and the abbreviations "excp't rip'in r'g't,"
an assessment of the part conveyed to plaintiff as unplatted
lands in the village, consisting of that part of the following
described premises lying in F. Lake, including all the ripa-
rian rights belonging to and appurtenant to said premises, fol-
lowed by a recital of the numbers of the lots, etc., if defec-
tive, was cured by 1 Comp. Laws, § 3922, providing that no
tax assessed shall be held invalid on account of any irregu-
larity, informality, omission, or want of any matter of form
or substance that does not prejudice the property rights of
the person whose property is taxed, etc.

Error to Newaygo; Palmer, J. Submitted May 17, 1904.
(Docket No. 153.) Decided September 13, 1904.

Assumpsit by the Newaygo Portland Cement Company

against the township of Sheridan for taxes paid under protest. There was judgment for plaintiff, and defendant brings error. Reversed.

*A. F. Tibbitts*, for appellant.

*E. L. Gray*, for appellee.

MOORE, C. J. This is a suit brought to recover taxes paid under protest. From a judgment obtained by plaintiff, the defendant has brought the case here by writ of error.

Some time prior to 1901 the plaintiff obtained from Peter Smalligan, who owned lot 2 adjoining Fremont Lake, a quitclaim deed to that portion of the lot covered by water. Like deeds were obtained from seven or eight other owners of lots running to the lake. Each of the deeds contained the following language:

" It being the intention of the parties of the first part to convey all their rights to the water and the soil under water in Fremont Lake belonging and appurtenant to said above-described premises."

In 1901 the supervisor made the following assessment: "Peter Smalligan, lot 2, excp't rip'in r'g't. Sec. 2, T. 12 N., R. 14 W." A tax of $3.36 was levied against this description and paid. Like assessments were made against each person who had conveyed to plaintiff company. Taxes were extended thereon and paid. The same roll shows the following assessment:

"Newaygo Portland Cement Company. Unplatted lands of the village of Fremont. That part of the following-described premises lying in Fremont Lake including all the riparian rights belonging and appurtenant to said premises, namely: Lot 2 of section 2; lot one, north half of lot two; lot three and east fifty rods of lot four, section 11; lots one and three, section ten; lot one, section 4 12–14, assessed at $5,000 all together, and assessed down under the real estate column at $5,000 more. State taxes, $14; county tax, $15; town tax, $3.00; highway tax, $6.00;

school and mill tax, $34.00; drain taxes at large, $5.50; making $77.50."

On the side is marked: "Paid under protest." The plaintiff company declined to pay its taxes. A levy was made upon a team belonging to it. The taxes were then paid under protest, and this suit was brought.

The circuit judge was of the opinion that the assessment to the plaintiff of its riparian rights in the lots and parcels of land was void, because the riparian rights cannot be assessed separately from the government descriptions, under the laws of this State, and, not being occupied by plaintiff as one description, could not be assessed as a whole, and therefore, not being assessed in separate and distinct parcels, the assessment was void, and the taxes levied by virtue of said assessment were void; that said assessment of riparian rights is indefinite, and incapable of identification, and for that reason said taxes levied on said description are void.

We cannot agree with this conclusion. It is evident that the plaintiff became the owner, by virtue of its deeds, not only of the rights of the grantors to the waters of Fremont Lake, but also of the soil under the water. We think it also clear that in making the several assessments against the several grantors the supervisor excepted therefrom what had been conveyed to the plaintiff. It is equally clear that he also assessed to the plaintiff what had been conveyed to it by the several grantors, and what the supervisor had excepted in the assessments made against the several grantors. We think that no one can reasonably doubt that by the abbreviations "rip'in" "r'g't" was meant the riparian rights of the parties. It is also clear that the several grantors who have paid their taxes did not pay for that portion of the several lots which were in Fremont Lake, and that the plaintiff, who is the owner of the property, ought to pay the taxes levied thereon. If there is any irregularity in the assessment and levy of the tax, it is cured by section 3922, 1 Comp. Laws.

Judgment is reversed, and one will be entered here in favor of defendant, with costs of both courts.

The other Justices concurred.