PORTER *v.* AUDITOR GENERAL.

1. TAXATION—MISTAKE IN DESCRIPTION.
   Omission by mistake of 3.92 rods from description of parcel of land taxed did not vitiate tax on other lands sufficiently described, and therefore tax deed was valid.

2. SAME—IRREGULARITIES—INCLUSION OF EXEMPT PROPERTY.
   That land exempt from taxation was described with taxable property was an irregularity cured by decree, and not a jurisdictional defect invalidating tax deed.

3. SAME—IRREGULARITIES—CERTIFICATE OF ERROR.
   Since mere irregularities in description of property taxed did not vitiate tax deed, auditor general was without authority to issue certificate of error canceling same (1 Comp. Laws 1929, § 3490).

Mandamus by Glenn M. Porter, trustee, of the city of Muskegon, against Oramel B. Fuller, auditor general, to vacate a certificate of error canceling a tax deed. Paul Lafromboise and another, holders of record title, intervened. Submitted June 23, 1931. (Calendar No. 35,594.) Writ granted October 5, 1931.

*A. W. Penny,* for plaintiff.

*Paul W. Voorhies,* Attorney General, and *Hugh E. Wilson,* Assistant Attorney General, for defendant.

*F. H. Dodds* and *Carl H. Reynolds,* for interveners.

CLARK, J. Taxes being delinquent for 1926, the auditor general included the lands in his petition

for sale, and decree was entered against them and the lands sold in May, 1929, and bid to the State. Later petitioner purchased the lands from the State and had deed. The auditor general issued certificate of error canceling the deed. Petitioner brings mandamus for vacation of the certificate of error.

It is the contention of the auditor general that the description was wholly insufficient, that there was therefore no valid tax lien, that the court had no jurisdiction to enter decree, and that he therefore was within the statute, 1 Comp. Laws 1929, § 3490, in issuing certificate of error.

The correct description was:

"The south 15 acres of the east one-half of the southwest quarter of the northwest quarter; and the southeast quarter of the northwest quarter of section 22 in town 14 north, range 4 west, county of Isabella, State of Michigan, except the Ann Arbor railroad right of way, and a parcel of land commencing at the center post of section 22, thence north 36.08 rods, thence west to the Ann Arbor railroad right of way, thence southeasterly along the east line of said Ann Arbor railroad right of way to the east and west quarter line, thence east to the point of beginning."

The description as assessed, as proceeded against, as sold, and as deeded was:

"The south 15 acres of the east half of the southwest quarter of northwest quarter and the southeast quarter of northwest quarter, except the Ann Arbor Railroad right of way and a parcel commencing at center post of section thence north 40 rods west to Ann Arbor Railroad right of way southeast to quarter line, east to beginning of section 22 township 14 north, of range four west, city of Mt. Pleasant."

It will be seen that, of the second parcel described, 3.92 rods were omitted from taxation. This it is

apparent was pure mistake. It did not vitiate the tax on other lands sufficiently described.

In 3 Cooley on Taxation (4th Ed.), p. 2332, it is said:

"It has been decided in a number of cases that accidental omissions from taxation, of persons or property that should be taxed, occurring through the negligence or default of officers to whom the execution of the taxing laws is intrusted, would not have the effect to vitiate the whole tax. The reasons for this conclusion are summarized in one of the cases as follows: 'The execution of these laws is necessarily intrusted to men, and men are fallible, liable to frequent mistakes of fact, and errors of judgment. If such errors on the part of those who are attempting in good faith to perform their duties should vitiate the whole tax, no tax could ever be collected. And therefore, though they sometimes increase improperly the burden of those paying taxes, the rule which holds the tax not thereby avoided is absolutely essential to the continuation of the government.' It seems difficult to resist the force of this reasoning; and it applies to the case of a mistake of law with the same cogency as to the case of a mistake of fact. Indeed, where the omission has occurred through no purpose to evade or disregard official duty, the occasion which produced it seems wholly immaterial."

See *Auditor General* v. *Sage Land & Improvement Co.,* 129 Mich. 182 (56 L. R. A. 105).

It will also be seen that, in attempting to describe the exception to the second parcel, there was error in that but a part of the exception was made. The property sought to be excepted was public land and exempt from taxation.

The fact that such land, exempt from taxation, was described with the taxable property was an irregularity cured by decree, and not a jurisdictional defect.

In *Smith* v. *Auditor General,* 138 Mich. 582, petitioners' land was crossed by a railroad right of way belonging to a railroad company. Petitioners were assessed the full description without exception of the right of way which was exempt property. On petition to set aside the tax sale it was held:

"Petitioners had, therefore, no right to the relief sought, unless upon the ground that the property was exempt from taxation. Petitioners' property was not exempt from taxation. The fact that property which was exempt from taxation was described with petitioners' property may have increased their burden of taxation, but this was as to them no more than an irregularity—an irregularity which was cured by the decree, and which does not entitle them to the relief they seek."

And in *Flint Land Co.* v. *Godkin,* 136 Mich. 668, it was held, quoting syllabi:

"In a suit by a claimant under a tax deed to quiet his title, the tax decree cannot be attacked on the ground that the assessment failed to except a railroad right of way across the land.

"Nor is it any defense that the statutory notice to redeem, served upon the owner, did not except such right of way."

It may be noted that the decree, the sale, and the deed are valid as to the taxable property therein described, and wholly void as to the public land, exempt property, mistakenly included. 2 Blackwell on Tax Titles (5th Ed.), p. 747.

It follows that there was no statutory warrant for certificate of error.

The writ will issue if necessary. No costs.

BUTZEL, C. J., and WIEST, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.