## *In re* PETITION OF AUDITOR GENERAL.

1. TAXATION—EASEMENT IS REAL ESTATE—FLOWAGE RIGHTS.
   Easement in nature of flowage rights is real estate, to be assessed in township where land is located.

2. SAME—REAL ESTATE MUST BE ASSESSED AS ENTIRETY.
   In this State parcel of real estate must be assessed as entirety, at cash value, including worth of standing timber, mineral rights, water power and privileges, etc. (1 Comp. Laws 1929, §§ 3390, 3391, 3415).

3. Same—Flowage Rights Assessable as Part of Land Although Separately Owned.

Flowage rights should have been assessed as part of land, although they had been sold to separate owner.

4. Same—When Tax Sale May be Set Aside After Confirmation.

Sale for taxes may not be set aside after confirmation, except where taxes were paid, property was exempt from taxation, or there was lack of jurisdiction in court to enter decree of sale (1 Comp. Laws 1929, § 3462).

5. Same—Irregularity.

Tax may not be held invalid on account of any irregularity in proceedings which does not prejudice property rights of persons whose property is assessed (1 Comp. Laws 1929, § 3492).

6. Same—Tax Sale—Judgment—Issues Decided.

On auditor general's petition for sale for taxes, decree is not formal and innocuous thing leaving all sorts of questions unsettled, but is judgment of court determining all issues within its jurisdiction, including issue as to whether property was properly assessed.

7. Same—Assessing Flowage Rights Separately Irregularity—Not Fatal Defect.

Error in assessing flowage rights and land separately, because separately owned, was mere irregularity and not jurisdictional defect.

8. Same—Description Including Exempt Property Not Fatal.

Tax sale will not be set aside because exempt property was included in description, or because noncontiguous parcels were assessed in one description.

9. Same—Description—Sufficiency.

Description of land sold for taxes as "N. E. ¼ of N. W. ¼ except flowage rights" of another, *held*, sufficient, as against objection of owner of land that it was so indefinite as to invalidate sale because flowage rights were not described or delimited, since as to owner of land no extrinsic proof was required to identify property or to convey to it information that decree of sale would affect it.

10. Same—Owner May Not Complain of Error Not Affecting Its Rights—Double Assessment.

If flowage rights were twice assessed separately against owner, it could complain, but owner of land, who was not injured thereby, may not complain.

Appeal from Ogemaw; Smith (Guy E.), J. Submitted October 18, 1932. (Docket No. 122, Calendar No. 36,782.) Decided December 6, 1932.

Petition of Auditor General for sale of certain lands for 1927 taxes. Petition of Hydro Land Company to set aside the sale denied. Hydro Land Company appeals. Affirmed.

*Wilson & Hoffman,* for appellant.

*Paul W. Voorhies,* Attorney General, and *Hugh E. Wilson,* Assistant Attorney General, for appellee.

Fead, J. This is a petition, filed February 25, 1932, by Hydro Land Company, to declare void the sale of certain lands for the taxes of 1927, sold under tax decree of 1930.

Petitioner is owner of the fee of the land, except four parcels to which it has oil and gas leases. Prior to the assessment it had sold and conveyed to Iosco Land Company the "flowage rights," which include right to build dams, canals, waste ways, and power houses, to overflow lands, right of way for access to dams and power lines, right to take lumber, gravel, stone, sand, dirt, and materials from the lands for construction and repair of dams, and other pertinent rights.

For 1927 the fee, "except flowage," was assessed to the petitioner or to others or to "unknown." The flowage rights were assessed separately to Iosco Land Company, and all taxes thereon paid by it.

The petitioner did not appear before the board of review and attack the assessment or valuations. It did not appeal or file objections on hearing of the

auditor general's petition for sale of the land for taxes nor object to confirmation of sale. The tax decree was concededly regular except for petitioner's contentions here made. At the May, 1930, tax sale the lands were sold to various persons who are not made parties to this suit. The court dismissed the petition.

Counsel agree that the easement of the Iosco Land Company is real estate, to be assessed in the township where the land is located. *Glidden* v. *Beaverton Power Co.,* 223 Mich. 383; *Township of Beaverton* v. *Lord,* 235 Mich. 261; *Beaverton Power Co.* v. *Wolverine Power Co.,* 245 Mich. 541.

It is the rule in this State that a parcel of real estate must be assessed as an entirety (1 Comp. Laws 1929, §§ 3390, 3391), at cash value, including worth of standing timber, mineral rights, "water power and privileges," etc. (section 3415). This legislative policy is emphasized by the fact that the statute mentions only a single exception, *i. e.,* the interests of tenants in common, section 3394. The policy was noted and the rule declared in *Fletcher* v. *Township of Alcona,* 72 Mich. 18, and *Curry* v. *Lake Superior Iron Co.,* 190 Mich. 445, in which it was held, respectively, that standing timber and mineral rights must be assessed as part of the real estate although separately owned. To the rule an exception has been made in the case of standing timber on a railroad right of way, the latter not being locally assessable. The timber was assessable to the owner because otherwise it would escape taxation. *Ward* v. *Township of Echo,* 145 Mich. 56.

*Auditor General* v. *Brown,* 243 Mich. 192, is cited as authorizing separate assessment of interests. There, a lodge owned, in fee, the third story of a

building. The whole was assessed to the owner of the land and of the remainder of the building. It was held that the third story should have been assessed separately to the lodge. This was merely a recognition of the latitudinal division of fee ownership, given the same effect as was longitudinal division in *Newaygo Portland Cement Co.* v. *Township of Sheridan,* 137 Mich. 475.

In 1911 the legislature departed from the established policy with respect to the assessment of mineral rights, but returned to it in 1915. *Curry* v. *Lake Superior Iron Co., supra.* This return is significant of the legislative intention that one assessment cover the description. The flowage rights should have been assessed as part of the land.

A sale for taxes cannot be set aside after confirmation except where the taxes were paid or the property was exempt from taxation (1 Comp. Laws 1929, § 3462), or there was lack of jurisdiction in the court to enter decree of sale. *Rumsey* v. *Griffin,* 138 Mich. 413. Nor is the tax to be held invalid on account of any irregularity in the proceedings which does not prejudice the property rights of the persons whose property is assessed. 1 Comp. Laws 1929, § 3492.

On the auditor general's petition for sale for taxes, the decree is not a formal and innocuous thing leaving all sorts of questions unsettled, but is the judgment of the court determining all issues within its jurisdiction. The issues include the question whether the property was properly assessed. *Muirhead* v. *Sands,* 111 Mich. 487. Moreover, the error in assessment was a mere irregularity, not a jurisdictional defect. A sale will not be set aside because exempt property was included in the description (*Smith* v. *Auditor General,* 138 Mich. 582; *Porter*

v. *Auditor General,* 255 Mich. 526), or noncontiguous parcels were assessed in one description. *Detroit Life Ins. Co.* v. *Auditor General,* 228 Mich. 191.

Petitioner further contends that a description ordered sold as ''N. E. ¼ of N. W. ¼ except flowage rights Iosco Land Company'' was indefinite because the flowage rights were not described nor delimited. As to petitioner, no extrinsic proof was required to identify its property or convey to petitioner the information that the decree would affect it. The description was sufficient. *Cooper* v. *Durham,* 235 Mich. 47.

Petitioner makes the point that taxes were twice assessed and once paid on some descriptions. The facts are not made clear, but the instance cited in the brief indicates that flowage rights were twice assessed separately. If so, the owner of the rights could complain, but petitioner, having no interest therein, was not injured by the double assessment. The record contains no evidence that any tax has been paid on any interest of petitioner.

It thus appears that petitioner's property was not exempt from taxation, the taxes had not been paid, the court had jurisdiction to determine whether the taxes were properly assessed, the fault in the description was a mere irregularity not prejudicial to the property rights of the petitioner, and the sales cannot be set aside.

Affirmed, without costs.

CLARK, C. J., and McDONALD, POTTER, SHARPE, NORTH, WIEST, and BUTZEL, JJ., concurred.