*In re* PETITION OF AUDITOR GENERAL.

APPEAL OF KING.

1. WORDS AND PHRASES—SECTION.
   The word ''section'' is used to denote a part or portion of something; also to designate 640 acres of land.

2. TAXATION—ASSESSMENT OF LOTS IN PLATS—SECTIONS—BLOCKS.
   Description by assessing officers, township and county treasurers of lots as being in *sections* of a platted subdivision and description by auditor general of lots as being in *blocks held*, such an inconsequential irregularity as to be insufficient to invalidate assessment as, under the circumstances, the use of such words could not lead to confusion (1 Comp. Laws 1929, § 3492).

Appeal from Oakland; Rogers (Goodloe H.), J. Submitted October 15, 1937. (Docket No. 34, Calendar No. 39,037.) Decided December 14, 1937.

Petition by the Auditor General for the sale of certain lands for 1927 taxes. On petition of Ray E. King to set aside tax sales, tax deeds and to obtain a refund of sums paid. Oakland County intervened as a party defendant. Petition denied. Petitioner King appeals. Affirmed.

*Ray E. King, in pro per.*

*Franklin E. Morris,* Prosecuting Attorney, and *Robert D. Heitsch,* Assistant Prosecuting Attorney, for intervening defendant.

*Raymond W. Starr,* Attorney General, and *Edmund E. Shepherd,* Assistant Attorney General, for the Auditor General.

BUTZEL, J. Ray E. King filed a petition to void and cancel certain tax sales, to set aside tax deeds issued by the auditor general and to obtain a refund of purchase money. Certain descriptions in Maple

Pointe Beach subdivision in Oakland county, Michigan, were offered for sale and were bid in by the State. Subsequently, petitioner made application to the auditor general to purchase the descriptions and State tax certificates were issued and delivered to him. Certificates were later surrendered to the auditor general and State tax land deeds were issued covering 330 descriptions of lots in the subdivision. Subsequently, it was discovered that in the assessment rolls the lots were described as being in certain sections and not in blocks and that the township treasurer in his return to the county treasurer described the lots as being in sections and not in blocks of the subdivision. The county treasurer in making up his transcript of delinquent taxes again referred to lots as being in sections and not in blocks of the subdivision. In the auditor general's petition for the sale of the lots, the slight discrepancy evidently was discovered for the lots were described as being in blocks and not in sections and the auditor general described them as lots in properly numbered blocks, not sections.

Section 3492, 1 Comp. Laws 1929, provides:

"Sec. 99. No tax assessed upon any property, or sale therefor, shall be held invalid by any court of this State on account of any irregularity in any assessment, or on account of any assessment or tax roll not having been made or proceeding had within the time required by law, or on account of the property having been assessed without the name of the owner, or in the name of any person other than the owner, or on account of any other irregularity, informality, or omission, or want of any matter of form or substance in any proceeding that does not prejudice the property rights of the person whose property is taxed; and all proceedings in assessing and levying taxes and in the sale and conveyance therefor, shall

be presumed by all the courts of this State to be legal, until the contrary is affirmatively shown.''

In the plat as originally filed with the register of deeds of Oakland county and also with the auditor general, the subdivision is divided into 28 plots, the smaller parcels adjoining one another being numbered with small sized type and the larger plots are numbered with heavy type. Neither the smaller nor the larger plots are designated as lots, blocks or sections. The numbers of the smaller parcels are repeated in each block or section. The larger plots are numbered consecutively. The numbers of the smaller plots are conceded to be those of lots. The larger plots could be called either blocks or sections, though they might more properly be called blocks. A section is a part or portion of something; the word is also used to designate 640 acres of land. The latter meaning by no stretch of the imagination could be applicable to a small parcel of property. The words ''block'' and ''section'' could not lead to confusion. There are no other blocks in Maple Pointe Beach subdivision shown by the record.

Passing the contention of appellee that petitioner is in no position to complain, we agree with the circuit judge in holding that the irregularity, if any, was not prejudicial. It was so inconsequential under the circumstances that no confusion or mistake would result therefrom. An assessment will not be held invalid for a non-prejudicial irregularity. *Jackson* v. *Mason,* 143 Mich. 355; *In re Petition of Auditor General,* 260 Mich. 578.

The decree dismissing plaintiff's bill is affirmed.

FEAD, C. J., and NORTH, WIEST, BUSHNELL, SHARPE, POTTER, and CHANDLER, JJ., concurred.