SCHOOL DISTRICT NO. 8 OF THE TOWNSHIP OF ECORSE
*v.* STATE LAND OFFICE BOARD.

1. TAXATION—TITLE—TAXING DISTRICTS.
   The theory of the taxing laws is to vest the title in the State, as between itself and the original owner, but for the State, county, and township or any other taxing unit, in proportion to the several taxes due to each.

2. MANDAMUS—REFERENCE—DETERMINATION OF PROPORTION OF TAXES DUE TAXING UNIT.
   On petition for mandamus by school district, claiming a vested interest in tax-delinquent lands within its district, to compel

State land office board to sell office building it had purchased for the State by transferring to its owner some tax-delinquent lands in plaintiff district and in another township which filed an *amicus curiae* brief, case is referred to circuit court for county in which all lands involved were located for making a finding of facts to determine proportion of taxes due plaintiff unless defendant adjusted matter satisfactorily (Act No. 155, Pub. Acts 1937, as amended).

3. Same—Reference—Parties—Costs.

On reference to make a finding of facts in mandamus proceeding by school district to compel State land office board to sell office building it had purchased for State by transferring tax-delinquent lands located in other townships in same county, circuit court is authorized to join such other parties as may be found necessary, costs to abide final determination (Court Rule No. 72 [1945]).

Mandamus by School District No. 8 of the Township of Ecorse, Wayne County, Michigan, to compel the State Land Office Board to offer certain property for sale and account for proceeds. Submitted December 18, 1945. (Calendar No. 43,138.) On March 4, 1946, referred to the circuit court for Wayne County for determination of facts.

*Charles A. Swaby,* for plaintiff.

*John R. Dethmers,* Attorney General, and *Edmund E. Shepherd,* Solicitor General; Brief by *Ernest O. Zirkalos* and *Elbern Parsons,* Assistants Attorney General, for defendant.

*Miller, Canfield, Paddock & Stone, amici curiae.*

Bushnell, J. Defendant, the State land office board, was created under the provisions of Act No. 155, Pub. Acts 1937, as amended by Acts Nos. 29, 244, and 329, Pub. Acts 1939; Act No. 363, Pub. Acts 1941; Act No. 16, Pub. Acts 1942 (2d Ex. Sess.); Acts Nos. 9, 16, 159, 194, 196, Pub. Acts 1943; and

Acts Nos. 61, 321, Pub. Acts 1945 (Comp. Laws Supp. 1940, 1945, § 3723–1 *et seq.*, Stat. Ann. 1945 Cum. Supp. § 7.951 *et seq.*). The powers and duties of this board were recently discussed in *Wilson* v. *City of Pontiac,* 294 Mich. 79; *Baker* v. *State Land Office Board,* 294 Mich. 587; *James A. Welch Co., Inc.,* v. *State Land Office Board,* 295 Mich. 85; *Oakland County* v. *State Land Office Board,* 296 Mich. 368; *Menominee County Treasurer* v. *Auditor General,* 297 Mich. 157; and others, to which reference may be made and thus avoid repetition here.

As a result of the duties imposed upon the board it obtained control and jurisdiction over a large number of lots and parcels of land within the territorial limits of plaintiff School District No. 8, on which there were unpaid delinquent taxes due the district. These properties were acquired by the State at a tax sale subsequent to July 3, 1937, the effective date of the State land office board act. According to an exhibit attached to plaintiff's petition, defendant on May 29, 1944, conveyed these properties to the Book-Cadillac Corporation, a Michigan corporation, in exchange for conveyance to the State of Michigan of an office building, commonly known as the Cadillac Square Building, in the city of Detroit, the legal description of which is:

"Lot numbered 1 of the plat of lots 45 and 46, section 6, of the Governor and Judges Plan of the city of Detroit, according to the plat thereof as recorded in the office of the register of deeds for Wayne county, Michigan, in liber 1 of plats, page 68."

On November 9, 1938, prior to the exchange of these properties, the board of county auditors of Wayne county had advanced $12,000 to the school district for the purpose of constructing a three-room school, and the district agreed to repay this loan

within 10 years, with interest at four per cent. As security therefor the district pledged its uncollected, delinquent taxes to the county, and also such portions of current operating tax collections as might be deemed necessary, and agreed to levy each year the maximum tax rate for operating purposes as fixed by the Wayne county tax allocation board until the loan and interest were paid in full.

Deeming themselves to be vested with an interest in the property within its district on which taxes were delinquent, the school district and the township filed a protest with the State land office board, demanding the sale of the Cadillac Square Building and the payment to them of the unpaid balance of their delinquent taxes and interest from the proceeds thereof. This demand was refused by the State land office board.

In its return to our order to show cause why a writ of mandamus should not issue, the State land office board took the position that, although the school district is eventually entitled to share in the proceeds of the sale of the building if sold, it does not intend to sell the same, nor does it have any present duty to sell. The defendant denied that the school district or the county of Wayne has any vested interest, by reason of delinquent tax liens. It admits that a portion of the building is being used by the State and that other portions have been leased by the board of State auditors to the United States government, from which rents are being collected and for none of which is it liable to account to plaintiff in any particular. The answer avers that the properties mentioned in plaintiff's petition were offered for sale in accordance with the provisions of section 7 of the act, and that no bidder offered to pay the minimum price for which the properties could be legally sold; that because of failure

to effect a sale, the State land office board exercised the authority granted to it under section 8 (f) of the act, which authorizes the exchange or trade of any parcel held under its jurisdiction for privately-owned parcels, and that there is no present obligation imposed upon it by law to perform any further acts in the matter. It denies that it holds the title to the building thus obtained in trust for the local units which levied taxes on the lands that were exchanged for it, and asserts that plaintiff has no legal interest in the property in question. It further avers that the State is not obliged to continue forever an effort to sell tax-reverted lands and, therefore, the petition for the writ of mandamus should be denied.

After this cause was at issue in this court, Grosse Ile township, a municipal corporation in Wayne county, filed an *amicus curiae* brief in which we are advised that it is plaintiff in a suit now pending in the circuit court for the county of Wayne, against the State land office board, involving the same transaction set forth in the instant case, and this court has been furnished with a copy of the bill of complaint in that cause. In the Grosse Ile brief the unusual nature of the issue is recognized and leave is sought in the interest of justice to submit additional facts in order that the entire situation may be fully understood. This brief states that, if decision in the instant case is to rest solely upon the constitutionality of the provision of the act permitting exchange of tax lands and their use by the State without compensation to the taxing units concerned, Grosse Ile township is content to rely upon the argument presented in the school district's brief. The township, of course, does not expect us to decide the issues raised in its circuit court case, but, on the other hand, seeks to avoid foreclosure of the determi-

nation of those issues. It is stated in the last-mentioned brief that the transaction was not, in fact, a true exchange of tax lands for the Cadillac Square Building, but was conducted in the following manner:

"The State land office board, recognizing the usefulness of a Detroit office building for the State, submitted to the Book-Cadillac Corporation, the owner of the building, an offer to purchase it by exchange of tax lands. The corporation replied that it could not accept real estate in exchange because the property was subject to a mortgage which must be paid in cash, but would be willing to sell if the tax lands could be converted into cash. The board, through its agents and brokers, negotiated for the sale of various tax lands, and finally procured firm offers for the purchase of enough land to make up the purchase price of $185,000. These offers, procured by the board but addressed to the Book-Cadillac Corporation, together with the total purchase price of $185,000, were deposited in escrow with Detroit Trust Company, to be turned over to the corporation on delivery of a deed from the State to the corporation and deeds from the corporation to the several purchasers.

"Deeds were executed by the board to the corporation for the tax lands and by the corporation to the State for the Cadillac Square Building, also a release of the building from the mortgage and deeds from the corporation to the several purchasers of the tax lands. All parties met on June 8, 1944, and all of the conveyances previously executed were then delivered and recorded, and the $185,000 paid by the trust company direct to the mortgagee. Up to this time there was no binding agreement for the exchange or for any of the sales."

Because of these facts the township suggests that the so-called exchange "was legally and equitably a sale of the tax lands for cash, on which the taxing

units were entitled to their respective share of the proceeds, and that the form of exchange was a mere fiction to enable the State to acquire the building at the expense of the taxing units.''

The State land office board argues in its brief that the requirements imposed by law, as applied in *Alcona County Board of Supervisors* v. *Auditor General,* 136 Mich. 130, are no longer mandatory, in view of the provisions of Act No. 155, Pub. Acts 1937, *supra,* because of the following statement in *Baker* v. *State Land Office Board, supra,* 601:

''However, it must be remembered that all of the lands offered for sale are owned by the State of Michigan. Former owners are granted certain rights as bidders and purchasers, but the sale is of land, title to which is vested in the State; and inasmuch as the State is the absolute owner of the lands, the legislature is empowered to provide for the sale thereof in any way not prohibited by the Constitution.''

The *Baker Case,* however, dealt solely with the rights of former owners and delinquent taxpayers. Those of taxing units, as here presented, have not as yet been adjudicated. Although plaintiff challenges the constitutionality of certain sections of the State land office board act (Act No. 155, *supra*), we do not deem it necessary at this time to pass upon that question, except to say that the act in question does not affect in any manner the rule enunciated in the *Alcona County Case,* viz., that, ''the whole theory of the taxing laws is to vest the title in the State, as between itself and the original owner, but for the State, county, and township, in proportion to the several taxes due to each.'' To that holding must, of course, be added any other taxing units likewise interested and affected.

As the late Mr. Justice Fead stated in *Hilt* v. *Weber,* 252 Mich. 198, 224 (71 A. L. R. 1238) : "The State must be honest."

Because of the circumstances surrounding the issues thus presented, the suggestion made in the *amicus curiae* brief and the public interests involved, we desire further facts and a determination by the circuit court for Wayne county of the issues presented in the Grosse Ile case. We therefore refer the school district matter to the Wayne circuit court for the purpose of taking such testimony as may be deemed necessary by it in the instant case and in connection with the pending Grosse Ile case. Following decision in the Grosse Ile matter the circuit court shall return to this court its findings of fact in the instant case, unless, in the meanwhile, the State land office board recognizes the legal rights of the petitioner and satisfactorily adjusts the controversy with all parties concerned.

The circuit court for Wayne county is authorized to join such other parties as may be found by it to be necessary. This action is taken under the provisions of Court Rule No. 72 (1945).

An order of reference will be entered in accordance with this opinion. Costs will abide final determination of this matter.

Butzel, C. J., and Carr, Sharpe, Boyles, Reid, North, and Starr, JJ., concurred.